**U.S. DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

QUENTIN SUTTLES,

                            **Plaintiff,**        **DECLARATION**

vs.

                                        Index No. 1:24-cv-00098

**CITY OF BUFFALO et. al.,**

                            **Defendants.**

**ROBERT E. QUINN,** Acting Corporation Counsel, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

    1.    I am an attorney for the City of Buffalo Corporation Counsel's Office.

    2.    I represent the Defendants City of Buffalo, Buffalo Police Officers Russell Sullivan & John Davidson, and Officer John and Jane Does et. al. (hereinafter "Defendants") in this action and am fully familiar with the facts and circumstances set forth herein.

    3.    I make this Declaration in support of the Defendant's Motion for a Protective Orde,r barring the deposition of former mayor and non-party Mr. Byron Brown, pursuant to Federal Rule of Civil Procedure 26(c), and for such relief as this Court deems just and proper.

    4.    By way of background, Plaintiff commenced this action on or about January 25, 2024, by filing a Summons and Complaint in the Erie County Clerk's Office. (*Dkt. 1*). The City of Buffalo joined issue on or about February 15, 2024 (*Dkt. 6*). A copy of the Plaintiff's complaint is attached as **EXHIBIT A**, which contains no mention or reference to former Mayor Brown.

    5.    Upon information and belief, with the exception of the requested deposition of Mr. Brown, discovery in this action is now close to concluding. This includes completing depositions of the parties, Buffalo Police Department Captain Jason Whitenight, and former Buffalo Police Commissioner Byron Lockwood, and Plaintiff has no other outstanding discovery requests.

6. A copy of Plaintiff's Rule 26 Disclosure is attached as **EXHIBIT B**, which contains no mention or reference to Mr. Brown.

7. Attached as **EXHIBIT C** is copy of an email message from your deponent to the Plaintiff's counsel on August 15, 2024, stating:

> We would object to the deposition of the Mayor under the general rule that high ranking government officials are not subject to depositions, at least at this time.
>
> Respectfully, the Mayor is certainly a high ranking government official , and there has been no showing that he has unique firsthand knowledge of the claims or that any necessary information cannot be obtained through other less burdensome or intrusive means.
>
> I would suggest that we proceed through other necessary depositions first, and then we can determine whether a deposition of the Mayor is necessary under the applicable legal standards. Happy to meet and confer on this, but we obviously handle many of these cases and it this is how they are generally handled and I think it makes sense for everyone.

8. Attached as **EXHIBIT D** is copy of a correspondence of attorney Anthony C. Duddy, dated January 28, 2025, to this Honorable Court generally outlining the Defendants' objection to the Plaintiff's request to conduct the deposition of Mr. Brown based on his status as a high ranking official.

9. Upon information and belief, Plaintiff attempted to schedule the Deposition of former Mayor Brown in email correspondence of March 2025, copies of which are attached as **EXHIBIT E**. At that time, Anthony C. Duddy, the attorney primarily assigned to handle this matter was out the country. Upon information and belief, this was known to all parties, as Mr. Duddy had previously emailed plaintiff's counsel about the days he would be unavailable. Sometime during this absence plaintiff's counsel allegedly served Mr. Brown with a subpoena.

10. After being made aware of this subpoena, the City of Buffalo Law Department reached out to Plaintiff's counsel on or about April 3, 2025, in an attempt to resolve any

2

scheduling issues. In addition, during these communications, your deponent reiterated that we would not be agreeable to a deposition of the previous mayor.

11. Athony C. Duddy reached out to plaintiff's counsel upon his return to the County on Monday April 7, 2025, seeking to confirm that the subpoenaed depositions of Mr. Brown and Former Police Commissioner Lockwood would not be going ahead as scheduled and that "we would revisit their potential depositions after all the other have been completed".

12. Plaintiff's counsel replied on April 10, 2025, that their office would "get back to you soon with the new date for Rt. Commissioner Lockwood and Ex-Mayor Byron Brown." Upon information and belief, here were no further conversations concerning specific dates of any potential depositions, and the Plaintiff has not issued or served a new subpoena upon Mr. Brown.

13. These circumstances and the Defendants objections were further reiterated in a correspondence of attorney Anthony C. Duddy, dated May 22, 2025, to this Honorable Court, attached as **EXHIBIT F**, noting "[w]ith respect to former Mayor Brown, we have repeatedly noted our objection and offered a plan on how to proceed but have had no substantive response from Plaintiff's counsel".

14. A copy of Plaintiff's September 5, 2025, Response to the Defendants' Discovery Requests is attached as **EXHIBIT G**.

15. A copy of the Plaintiff's September 5, 2025, Verified Response to Defendants' First Set of Interrogatories is attached as **EXHIBIT H**.

16. Upon information and belief, there is no mention or reference to former Mayor Brown in these discovery responses, and there has been no indication in any of the depositions taken in this matter establishing any basis or need for such a deposition to occur at this time, which is to be expected given the lack of any such allegations in the Plaintiff's Complaint.

**WHEREFORE,** the Defendants respectfully request that the Court grant our motion and issue a protective order, together with such other and further relief as this Court deems just and proper.

Dated: November 16, 2025
        Buffalo, New York

                                               */s/ Robert E. Quinn*
                                               Acting Corporation Counsel
                                               City of Buffalo Department of Law
                                               65 Niagara Square, 1100 City Hall
                                               Buffalo, New York 14202
                                               Ph: (716) 851-4326